**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                                                          Case No. 9-15-bk-12874-FMD
                                                                                                Chapter 13
Bruce A. Hartman and Carol O. Hartman

        Debtors.
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtor's Petition for Relief to Chapter 13 was filed on December 31, 2015.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtors have dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Amended Administrative Order Prescribing Procedures for Chapter 13 Cases (FLMB-2015-8) to determine if the Debtors have dedicated all disposable income to the Plan: income tax return for 2015, complete with copies of all schedules, statements, 1099's and w-2's; proof of rent from December 2015 through May 2016 and profit and loss statements from December 2015 through May 2016.

    b. Debtors' Current Monthly Income **(Form B22C-1)** needs to be amended to: correct lines 2 - 11 because they are understated.

    c. Debtors' Current Monthly Income **(Form B22C-2)** needs to be amended to: correct lines 16 and 36 because they are overstated and correct line 43 to list $0 or provide proof to the Trustee of the expense.

    d. Pursuant to the District-wide Amended Administrative Order Prescribing Procedures for Chapter 13 Cases (FLMB-2015-8), the Debtors must provide complete copies of all tax return(s) to the Trustee's office within 14 days of filing the return; and all tax refunds shall be turned over to the Trustee, in addition to the regular monthly plan payments, beginning with the tax year 2015.  **The Debtors shall spend no tax refund without prior court approval.**

4.	The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

	a.	The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Amended Administrative Order Prescribing Procedures for Chapter 13 Cases (FLMB-2015-8) to determine if the Debtors have met the best interests of creditors test: income tax return for 2015; appraisal of non-exempt parcel of real property and accounting of sale proceeds from aircraft.

5.	To meet the requirements of 11 U.S.C. §1325(a)(4) and/or 11 U.S.C. §1325(b)(1)(B), the Debtors must dedicate a potential workers comp claim/account receivable/judgment/lawsuit to the Plan.

6.	It appears that this case is a business case and the Chapter 13 Trustee's office has and may further investigate the Debtors' business.

/s/ Jon M. Waage  
Jon M. Waage  
Chapter 13 Standing Trustee  
P.O. Box 25001  
Bradenton, Florida 34206  
Phone:  (941) 747-4644  
FAX:     (941) 750-9266

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically and/or by First Class U.S. Mail to **Bruce A. and Carol O. Hartman**, Debtors, 1139 SW 32nd Terrace, Cape Coral, FL  33914, **Gregory A. Champeau, Esquire**, Attorney for Debtors, c/o Champeau Law, P.A., 999 Vanderbilt Beach Rd., Ste. 232, Naples, FL  34108 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 26th day of February 2016.

/s/ Jon M. Waage

JMW/MEC/sn